UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA A. RUFFIN,

      Plaintiff,                                             No. 20-10566

v.                                                     Honorable Nancy G. Edmunds

RICHARD D. CONFLETTI,
MICHELLE PIETRSKI,
ALBERT J. HAKIM, and
JOHN JONES,

      Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S AMENDED APPLICATION
TO PROCEED WITHOUT PREPAYING FEES OR COSTS [7] AND
DISMISSING PLAINTIFF'S AMENDED COMPLAINT WITHOUT PREJUDICE**

The matter is before the Court on its own review of Plaintiff's amended complaint filed in response to the Court's order to show cause. (Dkt. 6.) Plaintiff also filed an amended application to proceed without prepaying fees or costs. (Dkt. 7.) The Court has reviewed the entire record in this matter and GRANTS Plaintiff's request to proceed in forma pauperis. However, for the reasons discussed more fully below, the Court DISMISSES this action for lack of subject matter jurisdiction.

    **I.    Background**

Plaintiff filed a pro se complaint in this matter, bringing allegations of fraud against Defendants. (Dkt. 1.) The Court issued an order requiring Plaintiff to show cause in writing why this case should not be dismissed for lack of subject matter jurisdiction. (Dkt. 5.) The Court noted that while Plaintiff asserted in her complaint that this Court has federal question jurisdiction, she did not cite to any federal law as

1

the basis for her claim. Nor did she properly invoke the Court's diversity jurisdiction. The Court's order gave Plaintiff notice under Local Rule 41.2 of the Local Rules for the Eastern District of Michigan of the Court's intention to dismiss the case for lack of subject matter jurisdiction unless Plaintiff could demonstrate that the Court does have jurisdiction over this case. Plaintiff filed an amended complaint in response to the Court's order. (Dkt. 6.) Plaintiff now avers that the Court has diversity jurisdiction over this matter and also cites to 18 U.S.C. § 1028A, which is the statute that criminalizes aggravated identity theft.

While Plaintiff's pleadings are somewhat convoluted, it appears that Defendants are the owners of the property previously rented by Plaintiff. Plaintiff alleges Defendants stole her identity and fraudulently placed the rental property in her name. As a result of this fraud, Plaintiff states she is being held liable for delinquent property taxes. Plaintiff also states that she was wrongfully evicted from the home. Plaintiff has included with her a complaint a number of documents from the eviction proceedings in state court. Plaintiff also appears to have filed several police reports regarding the underlying allegations in this case.

II. **Application to Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a court may authorize the commencement of a civil action without the prepayment of fees or costs ("in forma pauperis" or "IFP") if the applicant submits an affidavit demonstrating that he or she is "unable to pay such fees or give security therefor." An affidavit in support of an IFP application is sufficient if it states that one cannot, because of his poverty, afford to pay the costs of litigation and still provide himself and his family with the necessities of life. *Adkins v. E.I. DuPont de*

*Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948). Here, Plaintiff states she is unemployed and also lists a number of expenses and debts. Based on this affidavit, the Court grants Plaintiff's application to proceed IFP.

### III.    Basis for Jurisdiction

When a plaintiff establishes indigence, the district court must screen the complaint as mandated by Congress in 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled in part on other grounds by LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013). Specifically, the district court is obligated to dismiss a civil complaint if it "is frivolous or malicious [or] fails to state a claim on which relief may be granted." *See* § 1915(e)(2)(B).

Also, "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). Federal courts are courts of limited jurisdiction and, unlike state trial courts, do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Generally, federal courts have the authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *See id.*

As a preliminary matter, the Court notes that to the extent Plaintiff seeks relief from the underlying judgment of eviction, her claim is barred by the *Rooker-Feldman* doctrine which precludes lower federal courts from conducting appellate review of final state court judgments. *See Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012). To the extent, however, Plaintiff seeks to recover damages stemming from the

3

independent allegedly fraudulent actions of Defendants, the Court considers whether Plaintiff's claim is properly before the Court.

Diversity of citizenship applies to cases involving "citizens of different states." *See* 28 U.S.C. § 1332(a)(1). For there to be complete diversity between the parties, the plaintiff cannot be a citizen of the same state as any defendant. *See Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000). Here, while Plaintiff avers in her amended complaint that the Court has diversity jurisdiction, she also states in that same complaint that she and all four Defendants are citizens of the state of Michigan. Thus, Plaintiff has failed to establish diversity jurisdiction.

Under 28 U.S.C. § 1331, federal courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Jurisdiction under § 1331 arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). Plaintiff's allegations regarding fraud do not involve a question of federal law. And while Plaintiff cites to the statute criminalizing identity theft, a private citizen may not assert a right of action under a criminal statute. *See Jenkins v. Methodist Healthcare*, No. 15-6195, 2016 U.S. App. LEXIS 10598, at *5 (6th Cir. May 6, 2016) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Thus, there is no federal question jurisdiction.

In sum, the Court finds that, as a federal court, it lacks subject matter jurisdiction over this case. The Court will, therefore, dismiss Plaintiff's amended complaint without prejudice to refiling in the appropriate court.

## IV. Conclusion

For the foregoing reasons, this action is DISMISSED WITHOUT PREJUDICE. In addition, pursuant to § 1915(a)(3), this Court hereby certifies that an appeal may not be taken in forma pauperis because it would not be taken in good faith. This order closes this case in its entirety.

SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: July 31, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2020, by electronic and/or ordinary mail.

        s/Lisa Bartlett
        Case Manager